S. LANE TUCKER
United States Attorney

SIOBHAN MCINTYRE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  Siobhan.McIntyre@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GROVES SALMON CHARTERS )<br>LLC; JOSHUA MCDONALD )<br>)<br>Defendants. )<br>_____ ) | Case No. 3:22-cv-<br><br><br><br><br><br>**COMPLAINT** |

Plaintiff United States of America, by and through the United

States Attorney for the District of Alaska, files this Complaint against

Defendants Groves Salmon Charters LLC and Joshua McDonald and

hereby alleges as follows:

## NATURE OF THE CASE

1.     This is a civil action to recover wildland fire suppression costs incurred by the United States due to Defendants' trespass, negligence, and violation of wildland fire statutes (AS 41.15), which were the proximate cause of the fire known as the "Klutina River Fire." The fire ignited on July 8, 2019, on Alaska Native Claims Settlement Act (ANCSA) lands owned by Ahtna, Inc. (Ahtna) along the Klutina River, approximately twelve miles southwest of Copper Center, Alaska. The Klutina River Fire burned roughly 176 acres, including 146 acres of Ahtna lands and approximately 30 acres of federal public land.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Alaska.

## PARTIES

4.     Plaintiff is the United States of America. As sovereign, the United States owns lands, including those that are under the control and supervision of the Bureau of Land Management (BLM), and is

charged with wildland fire protection service on lands conveyed to ANCSA regional corporations pursuant to 43 U.S.C. § 1620(e).

5.     Defendant Groves Salmon Charters LLC (Groves Salmon) is a corporation organized under Alaska law, with its principal offices in Copper Center, Alaska.

6.     Defendant Joshua McDonald is an individual who, based on information and belief, resides in Fitchburg, MI.

## ALLEGATIONS

7.     Defendant Groves Salmon operates and maintains a commercial sport fishing guide service based out of Copper Center, Alaska.

8.     Defendant Groves Salmon guides sport fishing trips for group and individual clients along popular Alaska rivers, including the Klutina River.

9.     Defendant Groves Salmon received a land use permit issued by Ahtna, Inc. on June 21, 2019, for the purposes of parking, land crossing, and fishing on Ahtna lands, including those surrounding the Klutina River (the Ahtna Permit).

10.    Regarding campfire restrictions, the Ahtna Permit states:

Campfires are allowed with the Camping Permit with the
stipulations that land will be cleared to mineral soil to a minimum of 2
feet in diameter, campfires are not permitted on mossy or organic soils,
fuel is limited to down and dead wood, and fires will be completely
extinguished before vacating the area. The permit holder assumes full
responsibility for any fires they start.

11.    Defendant Groves Salmon did not hold a Camping Permit.

12.    Upon information and belief, Defendant McDonald was
employed as a guide for Groves Salmon during the summer of 2019, and
was, at all times pertinent to this action, acting within the scope of his
employment with Groves Salmon.

13.    In early July 2019, high temperatures, low humidity values,
and  low fuel moistures, created extreme wildfire danger across much of
Alaska, including the Copper Center area.

14.    Due to this extreme wildfire danger, Ahtna announced on
July 1, 2019, and continuing until further notice, that no fires were to
be allowed on Ahtna lands, including at campsites; information
regarding the fire ban and high fire danger due to hot and dry
conditions were published on Ahtna's Facebook page on July 1 and 2,
2019.

15.    On July 3, 2019, the State of Alaska announced that a burn suspension was in effect for the Copper River Basin due to hot, dry weather, and to remain in place until conditions moderated. Although the ban did not apply to campfires under three feet in diameter, the State advised against campfires and asked the public to "use extreme caution with any activity that could spark a wildfire."

16.    The Alaska Interagency Coordination Center also issued a Fuels and Fire Behavior Advisory on July 3, 2019, warning that areas of south-central, including Copper Center, were exhibiting examples of intense burning and large fire growth due to exceptional landscape flammability.

17.    In the early morning hours of July 8, 2019, Defendant McDonald and four clients, traveled from the Groves Salmon base camp to a boat launch site at or around mile 17.5 of Klutina Lake Road. Defendant McDonald and the clients then traveled by raft to a fishing hole at or around mile 17 of the Klutina River.

18.    While the clients fished from the riverbank at or around mile 17 of the Klutina River, Defendant McDonald started a fire at the river edge to keep the bugs away and keep the clients warm when they were

not fishing.

19.    Defendant McDonald knew there was a burn suspension in place on all Ahtna Lands when he started the fire.

20.    Based on information and belief, Defendant McDonald started the fire in an area that was not free of vegetation and was on "mossy or organic soil."

21.    Based on information and belief, Defendant McDonald did not clear the land surrounding and under the fire to mineral soil.

22.    Based on information and belief, Defendant McDonald did not completely extinguish the fire before vacating the area.

23.    On the evening of July 8, 2019,  an individual called to report a large fire of approximately one acre burning and growing near mile 16 of the Klutina River.

24.    State of Alaska, Department of Forestry (DOF) fire crews promptly responded, including three air tankers and smoke jumpers; at the time of initial response, crews noted the fire was approximately fifty acres and updated the fire location to near mile 17 of the Klutina River.

25.    By July 9, 2019, the Klutina River Fire had grown to 100 acres.

26.     DOF incurred costs in responding to, suppressing, and extinguishing the Klutina River Fire.

27.     BLM also incurred its own costs in responding to, suppressing, and extinguishing the Klutina River Fire.

28.     The Klutina River Fire ultimately burned 176 acres, including approximately 146 acres on Ahtna lands and approximately 30 acres on BLM public lands.

29.     A Wildland Fire Origin and Cause Investigation (Wildland Fire Investigation) conducted by United States Forest Service Wildland Fire Investigator, Brian Donnelly, determined a local fishing guide (Defendant McDonald) from a fishing guide service (Defendant Groves Salmon) had started and improperly extinguished a campfire on organic soils of the origin area near the river, resulting in the ignition of the Klutina River Fire.

30.     The Wildland Fire Investigation ruled out all other possible causes of the Klutina River Fire.

31.     Pursuant to the ANCSA, 43 U.S.C § 1620(e), the United States, Department of Interior, Bureau of Land Management, Alaska

Fire Service is responsible for wildland fire protection services on ANSCA corporate lands.

32.    Pursuant to the 2015 Master Cooperative Wildland Fire Management and Stafford Act Response Agreement (Master Cooperative Agreement), the DOF is responsible for wildland fire suppression on Ahtna lands, and bills BLM for reimbursement of DOF's costs.

33.    The total cost of suppressing the Klutina River Fire was approximately $1 million. According to the terms of the Master Cooperative Agreement, DOF paid a portion of this amount in suppression costs, and BLM reimbursed DOF for that cost.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## NEGLIGENCE

34.    The United States incorporates by reference the above paragraphs.

35.    Under the doctrine of *respondeat superior*, Defendant Groves Salmon is responsible for the acts and omissions of its employees

engaged in the course and scope of their employment, including Defendant McDonald.

36. While guiding clients on sport fishing trips, Defendants had a duty to the United States and to others to prevent ignition of wildland fire. Defendants had a duty to the United States and to others to take precautionary measures and manage any campfires, including but not limited to complying with fire bans issued by both the State of Alaska and Ahtna, Inc., complying with the terms of Defendant Groves Salmon's Ahtna land use permit, clearing any campfire area to mineral soil, free of organic or mossy ground, and completely extinguishing any campfires, to prevent ignition and spread of wildland fires, and failed to do so.

37. Defendants knew, or should have known, that the failures described in paragraph 35 of this complaint, and other actions and omissions that may be proven at trial, significantly increased the risk of igniting a wildland fire.

38. Defendants' failure to take any or all of the measures described in paragraph 35 of this complaint constitutes negligence.

*U.S. v. Groves Salmon Charters, LLC et al.*
Case No. 3:22-cv                                 9

39.    Defendants' breach of duty to prevent ignition of a wildland fire caused the Klutina River Fire.

40.    The spread of the fire is presumptive evidence of negligence by Defendants under AS 41.15.160.

41.    As a direct and proximate result of Defendants' negligent acts and/or omissions, the United States incurred its own wildland fire suppression costs and was obligated to reimburse DOF for wildland fire suppression costs of approximately $1 million.

## SECOND CAUSE OF ACTION
## VIOLATION OF AS 41.15.110(a)

42.    The United States incorporates by reference the above paragraphs.

43.    Defendant McDonald was on forested land (AS 41.15.170(4)) possessed and controlled by Ahtna, Inc while guiding sport fishing clients for Defendant Groves Salmon.

44.    Defendant McDonald set a fire on forested land and failed to exercise due care to prevent the uncontrolled spread of the fire.

45.    Defendants violated AS 41.15.110(a) and may have violated other applicable statutes.

*U.S. v. Groves Salmon Charters, LLC et al.*
Case No. 3:22-cv                    10

46.    As a direct and proximate result of Defendants' violation of applicable statutes, the United States incurred its own wildland fire suppression costs and was obligated to reimburse DOF for wildland fire suppression costs of approximately $1 million.

47.    Under AS 41.15.160 and AS 41.15.170, the United States is entitled to recover double damages.

## THIRD CLAIM FOR RELIEF
## COMMON LAW FIRE TRESPASS

48.    The United States incorporates by reference the paragraphs above.

49.    The United States is the lawful owner of approximately 30 acres of public lands under the jurisdiction of the Department of interior (BLM lands) onto which the Klutina River Fire spread.

50.    Defendant McDonald negligently caused a fire to ignite, spread onto, and damage BLM lands. Under the doctrine of *respondeat superior*, Defendant Groves Salmon is responsible for the acts and omissions of its employees engaged in the course and scope of their employment, including Defendant McDonald.

51.    The United States did not authorize Defendants to burn natural resources or vegetation located on BLM lands.

52. Defendants caused physical damage to the United States' property.

53. Defendants' actions caused the United States to incur fire suppression costs.

## FOURTH CLAIM FOR RELIEF
## TRESPASS — 43 C.F.R. § 9230

54. The United States incorporates by reference the paragraphs above.

55. Defendants injured, without authorization, timber and other vegetative resources on public lands under the jurisdiction of the Department of Interior. Thus, under 43 C.F.R. § 9230.0-7, Defendants committed acts of trespass.

56. The United States suffered damages when its timber and other vegetative resources were trespassed by the Klutina River Fire and it incurred wildland fire suppression costs of approximately $1 million.

57. Pursuant to 43 C.F.R. §§ 9239.0-7 and 9239.1-3, Defendants are liable to the United States for costs and damages resulting from the trespass.

## FIFTH CLAIM FOR RELIEF
## BREACH OF QUASI-CONTRACT/RESTITUTION

58.    The United States incorporates by reference the above paragraphs.

59.    DOF and BLM incurred costs in responding to, suppressing, and extinguishing the Klutina River Fire ignited and spread due to Defendants' failures described in paragraph 35 of this complaint.

60.    The DOF and BLM suppression response to the Klutina River Fire was necessary to satisfy the requirements of public decency, health, and safety to protect the nearby community of Copper Center, the Richardson Highway road corridor, and several native allotments along the Klutina River.

61.    Fire suppression undertaken to control the Klutina River Fire was necessary for public safety in light of the nearby resources at risk and the potential for spread of the fire due to dry conditions.

62.    Pursuant to the Master Cooperative Agreement and ANCSA, 43 U.S.C § 1620(e), BLM reimbursed DOF for its fire suppression costs.

63.    The United States' Klutina River Fire suppression costs and its reimbursement to DOF for the Klutina River Fire suppression costs were unofficious and its costs are recoverable from Defendant pursuant

*U.S. v. Groves Salmon Charters, LLC et al.*

Case No. 3:22-cv                                    13

to AS 41.15.160 and BLM fire trespass recovery policies (BLM Manual 9238 – Fire Trespass).

64.     The United States is entitled to restitution of wildland fire suppression costs of approximately $1 million.

## SIXTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT/RESTITUTION

65.     The United States incorporates by reference the above paragraphs.

66.     DOF and BLM incurred costs in responding to, suppressing, and extinguishing the Klutina River Fire ignited and spread due to Defendants' failures described in paragraph 35 of this complaint.

67.     Pursuant to the Master Cooperative Agreement and ANCSA, 43 U.S.C § 1620(e), BLM reimbursed DOF for its fire suppression costs.

68.     Defendants benefited from DOF and the United States' fire suppression response and costs despite Defendants' failures as described in paragraph 35 of this complaint.

69.     To prevent unjust enrichment to Defendants, the United States is entitled to restitution of wildland fire suppression costs of approximately $1 million.

*U.S. v. Groves Salmon Charters, LLC et al.*
Case No. 3:22-cv                    14

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for relief as follows:

1. For entry of judgment in the amount of approximately $1 million;

2. Enhanced damages as allowed by law;

3. Pre-judgment interest, administrative costs, and penalties pursuant to 31 U.S.C. § 3717;

4. Post-judgment interest at the statutory rate;

5. Pursuant to 28 U.S.C. § 2412, award of costs and attorney's fees;

6. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

The United States requests a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED on July 8, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney


/s/ Siobhan McIntyre
Assistant U.S. Attorney
Attorney for the Defendant


*U.S. v. Groves Salmon Charters, LLC et al.*
Case No. 3:22-cv                              15